## JEWELERS' CIRCULAR PUB. CO. v. JACOBS.

(Circuit Court, D. New Jersey. March 8, 1901.)

CORPORATE CHARTER—POWERS.
Where a corporation is authorized to publish a journal devoted to the interest of the jewelry trade, and generally to do any business connected with such purpose, a publication of a directory of the jewelry trade is within the powers of the corporation.

Chas. A. Brodik, for the motion.
Edw. Hymes, opposed.

KIRKPATRICK, District Judge. The bill alleges that the complainant had prepared a directory of the jewelry trade, which they had had duly copyrighted by filing a copy with the librarian of congress, as provided by law, and charged the defendant with circulating through the trade a copy of the same, under the title "Where to buy." There is no denial by the defendant of these facts. His answering affidavits are intended merely to show good faith, and an intention on his part that his publication should be used as a mailing list, and not as a directory. The defendant, however, maintains that he is entitled to use the copyrighted publication, because he says that the complainant, being an incorporated company, has no authority under its charter to publish a directory such as described, and therefore no right to copyright the same. A copy of the complainant's certificate of incorporation has been presented to the court, and the powers of the corporation as stated therein are in my opinion broad enough to cover the right to publish the copyrighted directory, in furtherance of "publishing a journal especially devoted to the interest of all branches of the jewelry trade, and generally to do any and all business connected with said purpose." It seems to me that the publication of a directory such as is described in the bill of complaint may be regarded as incidental to, and connected with, the purpose of publishing a journal devoted to the interests of the trade. This being so, the act was not ultra vires. Navigation Co. v. Hooper, 160 U. S. 514, 525, 16 Sup. Ct. 379, 40 L. Ed. 515. The injunction heretofore granted will be continued pendente lite.